# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

VALERIE CHRISTINA VETRANO,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Case No. EDCV 17-02440-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

## PROCEEDINGS

On December 5, 2017, Valerie Christina Vetrano ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 1.) The Commissioner filed an Answer on March 22, 2018. (Dkt. 14.) On August 17, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) On January 4, 2019, this Court ordered supplemental briefing on whether Plaintiff meets or equals a listing, which was due January 25, 2019. (Dkt. 21.) On January 9, 2019, the Court stayed this case on application by the Commissioner due to a lapse in appropriations. (Dkt. 23.) On January 30, 2019, when the shutdown was over, the Court lifted the stay and ordered the parties to file their supplemental briefs by February 9, 2019. (Dkt. 24.) Plaintiff filed her brief on January 31, 2019. (Dkt. 27.)

The Commissioner filed her Supplemental Briefing on February 20, 2019. (Dkt. 28.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 45 year-old female who applied for Social Security Disability Insurance benefits on November 8, 2013, alleging disability beginning December 30, 2012. (AR 21.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 30, 2012, the alleged onset date. (AR 23.)

Plaintiff's claim was denied initially on November 8, 2013, and on reconsideration on July 14, 2014. (AR 21.) Plaintiff filed a timely request for hearing on September 9, 2014. (AR 21.) On April 5, 2016, the Administrative Law Judge ("ALJ") Michael B. Richardson held a video hearing from Moreno Valley, California. (AR 21.) Plaintiff appeared and testified in Indio, California. (AR 21.) Plaintiff was represented by counsel. (AR 21.) Vocational expert ("VE") Erin M. Welsh also appeared and testified at the hearing. (AR 21.)

The ALJ issued an unfavorable decision on April 15, 2016. (AR 21-32.) The Appeals Council denied review on November 2, 2017. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the medical opinion of Dr. Zadeh.
2. Whether the ALJ properly considered if Plaintiff met or equaled a Listing.
3. Whether the ALJ properly considered the medical opinion of Dr. Moeller-Bertram.
4. Whether the ALJ properly considered Plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

3

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 30, 2012, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: post-laminectomy syndrome of the thoracic spine; mild degenerative disc disease of the lumbar spine at L4-5 with lumbago and radiculopathy; and Crohn's disease. (AR 23-25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25-26.)

The ALJ then found that Plaintiff had the RFC to perform a range of light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for six hours out of an eight-hour workday with regular breaks. She can sit for six hours out of an eight-hour workday with regular breaks. She is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to vibration. She requires four additional restroom breaks of five minutes per day. She requires easy access to restroom facilities. She also requires a sit/stand option at will without going off task.

(AR 26-30.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical and other evidence of record. (AR 27.)

At step four, the ALJ found that Plaintiff is not able to perform her past relevant work as a waitress, paper route distributor, food server, loan processing clerk, and sales representative.

(AR 30.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of mail room clerk, office helper, and information clerk. (AR 31-32.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 32.)

## DISCUSSION

The ALJ decision must be affirmed. Plaintiff does not meet or equal a Listing. The ALJ properly considered the medical evidence in assessing Plaintiff's RFC. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

## I. PLAINTIFF DOES NOT MEET OR EQUAL A LISTING

Plaintiff alleges that she cannot work because of chronic back pain and persistent symptoms of abdominal pain and diarrhea due to Crohn's disease, an inflammatory bowel disease. (AR 26-30.) The ALJ did find that Plaintiff has post-laminectomy syndrome of the thoracic spine; mild degenerative disc disease of the lumbar spine with lumbago and radiculopathy; and Crohn's disease. (AR 23.) The ALJ assessed an RFC for a restricted range of light work. (AR 26.)

At step three of the sequential process, the ALJ found that Claimant's medically determinable physical impairments do not meet the criteria of "any" Listing, including Listings 1.02 and 5.06.[1] (AR 26.) The ALJ found that no treating or examining physician recorded findings equivalent in severity to the criteria of any listed impairment or the same as or

---

[1] Plaintiff contends that the ALJ failed to consider Listing 5.08 but "any" Listing would include 5.08. An ALJ, moreover, is not required to discuss every Listing and explain why a claimant fails to meet each one. See Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("It is unnecessary to require the [Commissioner], as a matter of law, to state why a claimant failed to satisfy every different section of the Listing of impairments," as long as there is adequate evaluation of the evidence).

6

equivalent of any Listed impairment. (AR 26.) Plaintiff challenges the ALJ's finding, asserting she meets Listings 5.06 and 5.08. The Court disagrees.

**A.     Relevant Federal Law**

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment. Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of our listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience"). In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). There is no need for the ALJ to complete steps four and five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).

The listings in Appendix 1 describe specific impairments considered "severe enough to prevent an individual from doing gainful activity, regardless of his or her age, education, or work experience." Section 404.1525. An impairment that meets a listing must satisfy all the medical criteria required for that listing. Section 404.1525(c)(3); Sullivan v. Zebley, 493 U.S. 521, 530 (1990). An impairment cannot meet a listing based only on a diagnosis. Section 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Medical equivalence will be found if the impairment "is at least equal in severity and duration to the criteria of any listed impairment." (Section 404.1526(a)). Medical equivalence is based on symptoms, signs, and laboratory findings, but not subjective symptoms. Section 404.1529(d)(3).

**B.     Analysis**

Plaintiff contends that her medically determinable impairment of Crohn's disease satisfies the criteria of Listings 5.06(B) and 5.08. Listing 5.06(B) for inflammatory bowel disease requires a claimant to meet two of six listed impairments:

> B.     Two of the following despite continuing treatment as prescribed and
>        occurring within the same consecutive 6-month period:

7

|   |   |   |
|---|---|---|
| | 1. | Anemia with hemoglobin of less than 10.0 g/dl, present on at least two evaluations at least 60 days apart; or |
| | 2. | Serum albumin of 3.0 g/dl or less, present on at least two evaluations at least 60 days apart; or |
| | 3. | Clinically documented tender abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or |
| | 4. | Perineal disease with draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or |
| | 5. | Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms or BMI, present on at least two evaluations at least 60 days apart; or |
| | 6. | Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter. |

Listing 5.08 addresses weight loss due to any digestive disorder:

> . . . despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

Plaintiff contends that she meets the criteria set forth in 5.06(B)(4) and (5), and 5.08. As to 5.06(B)(4), she cites to medical records that she had anal pain and two perineal/rectal draining abscesses, on November 22, 2014, and May 11, 2015. (AR 627-628, 637-638.) The ALJ decision confirms perirectal abscess drainage in November 2014 and May 2015. (AR 29.) The ALJ also cited to a consulting report from Dr. Anthony Weiss dated September 17, 2015,

indicating that Plaintiff had "a perirectal abscess which was treated in November 2014 which required drainage." (AR 29, 540.) In the Joint Stipulation (JS at 23:1-2), the Commissioner stated, "Plaintiff required drainage of a perirectal abscess in November 2014 and again in May 2015."

The record evidence regarding the November 2014 perirectal abscess drainage, however, is nonetheless conflicting. In the Supplemental Briefing, the Commissioner concedes once again that Plaintiff has presented evidence of one draining abscess on May 11, 2015, but now contests that there was any abscess drainage in November 2014, although Plaintiff was sent to the ER for drainage. (AR 582; Dkt. 28, 3:20-4:10.) The Commissioner cites to a November 20, 2014 report from ER physician Eric Ory that "she needs no incision and no drainage." (AR 643.) Dr. Cristina Jenkins who performed the May 11, 2015 surgery noted in her history that, "In November she developed perirectal pain and an anorectal abscess – it was not drained and It spontaneously opened on its own." (AR 758.) In conflict with this report is a November 22, 2014 ER report, relied on by Plaintiff, that appears to say "abscess now draining" (AR 638), although the language is hard to read.

It is not for this Court or the Commissioner to rewrite the ALJ decision, which documented abscess drainage in November 2014 and May 2015. (AR 29.) In view of the ALJ's lengthy summary and analysis of Plaintiff's Crohn's disease (AR 29-30), the Court must assume that the ALJ weighed the conflicting evidence and concluded that perirectal abscess drainage occurred in both November 2014 and May 2015.

Nonetheless, Plaintiff does not meet other criteria for Listings 5.06(B)(4) and (B)(5) or for 5.08. Those Listings do not apply unless the impairments occur "despite continuing treatment as prescribed" and for 5.06(B)(4) there must be pain "not completely controlled by prescribed narcotic medication." Here, the ALJ documented that medication effectively controlled Plaintiff's Crohn's disease. (AR 27.) Plaintiff has a long history with Crohn's disease, for which she was prescribed Remicade in 2002. (AR 29.) Claimant did well on this medication until 2012 when she developed infectious osteomyelitis with staphylococcus infection. (AR 29.) Plaintiff stopped taking medication and was not under any medication maintenance for her

Crohn's disease. (AR 29.) While off treatment, Claimant experienced cramps, diarrhea, and weight loss during the period at issue. (AR 29, 540, 738, 745-46, 752.) She was not taking any maintenance medication for her Crohn's disease before the November 2014 abscess drainage. (AR 738-39.) Listing 5.06(B)(4), however, requires "pain not completely controlled by prescribed narcotic medication." Listings 5.06(B)(4) and (5) and 5.08 require "continuing treatment as prescribed." Here, Plaintiff has not met her burden to show that she had pain not controlled by prescribed narcotic medication and despite continuing treatment prior to the November 2014 abscess drainage.[2] Plaintiff must satisfy all the medical criteria of a Listing. Sullivan, 439 U.S. at 530.

Plaintiff also was non-compliant with her medication before the May 2015 biopsy: on 4/14/15 "only taking ½ of an immodium pill per day" (AR 739) compared to "doing well overall since starting VSL, she has had more formed stools and decreased frequency" on 5/27/15. (AR 739.) Plaintiff has failed to demonstrated that her symptoms under any of the Listings continued during the period when she was compliant with recommended medical treatment. See 20 C.F.R. § 404.1530(a) ("In order to get benefits, you must follow treatment prescribed by your medical source"); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 1008) (failure to follow a prescribed course of treatment is a valid reason for discounting subjective symptom allegations). She plainly does not meet the requirements of 5.06(B)(4) and (5), and 5.08.

Plaintiff argues that she stopped medication in 2012 because of its side effects, but at the time of the November 2014 abscess drainage Claimant was prescribed several medications and her condition became stable with medication thereafter. (AR 29, 27.) Impairments that

---

[2] Plaintiff generally cites AR 566-99 in asserting she was compliant with treatment but she has not demonstrated that she took prescriptions in October 2014 of Lomotil and Questran. Dr. Jenkins does not appear to believe so. (AR 738-39) ("She has not been on medication for her Crohn's disease since"). Plaintiff presents no evidence that her pain was not controlled by those medications or by continuing treatment when she was compliant for the required 60 day period. Plaintiff also argues that the periods not on medication were outside the required 60 day period, but it is Plaintiff's burden, not the ALJ's, to show that she had pain not controlled by narcotic medication and despite continuing treatment during the 60 day period. The ALJ plainly believed that she did not meet that burden.

can be effectively controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). Following her November 2014 abscess drainage, she was prescribed Flagyl to manage her symptoms. (AR 29.) After the May 2015 biopsy, Plaintiff was doing well and had less diarrhea and abdominal pain. (AR 29.) Numerous medical records indicate that Plaintiff's medications controlled her abdominal pain. (AR 29.) The ALJ found that medications have been relatively effective in controlling Claimant's symptoms. (AR 27.) Claimant herself reported an improvement in her diarrhea and abdominal pain with medication. (AR 27.) In September 2015, Dr. Weiss described Plaintiff's Crohn's disease as of "moderate severity." (AR 540.) Two State agency reviewing physicians opined that Plaintiff's inflammatory bowel disease was nonsevere. (AR 102, 114.) No physician opined that Plaintiff met any Listing. (AR 26.) The ALJ determined that Claimant's Crohn's disease symptoms are adequately accommodated by a light work RFC with additional restroom breaks and easy access to bathroom facilities. (AR 29.)

Plaintiff has not proven that her pain, abscess drainage, diarrhea, and weight loss symptoms were not amenable to medication and medical treatment in the period just prior to and through November 2014 or for any period thereafter. As a result, Plaintiff does not meet the criteria for Listings 5.06(B)(4) or (B)(5), or 5.08.

Plaintiff challenges the ALJ's interpretation of the record evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence. Andrews v, Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's step three determination that Plaintiff does not meet or equal a Listed impairment is supported by substantial evidence.

**II.  THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

    **A.  The ALJ Properly Considered The Medical Evidence**

Plaintiff contends that the ALJ erred in rejecting the opinions of two physicians, Dr. Zadeh and Dr. Moeller-Bertram. The Court disagrees.

### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews, 53

F.3d at 1041; Orn, 495 F.3d at 632.  Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id.  However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### 2. Analysis

#### a. Dr. Zadeh

Dr. Homan A. Zadeh, Plaintiff's treating gastroenterologist, filled out a Crohn's, Colitis and Incontinence Functional Capacity Questionnaire on October 7, 2014.  (AR 30, 537-539.) Dr. Zadeh stated: (1) Plaintiff would require unscheduled restroom breaks during an 8 hour work day; (2) she would need to lie down to rest at unpredictable intervals during a work day; and (3) her symptoms would interfere with her attention and concentration to perform even simple tasks.  (AR 538-539.)

The ALJ gave Dr. Zadeh's opinion "some weight," in particular his opinion that Plaintiff would require unscheduled restroom breaks throughout the day due to her Crohn's disease. (AR 30.)  The ALJ included additional restroom breaks in the Claimant's RFC.  (AR 30.) Specifically, the RFC provides: "She requires four additional restroom breaks of five minutes per day.  She requires easy access to restroom facilities."  (AR 26.)

Plaintiff contends that the ALJ ignored Dr. Zadeh's two other limitations and rejected those limitations without articulating any reason for doing so.  Plaintiff is incorrect.  The ALJ did give reasons for rejecting Dr. Zadeh's other limitations elsewhere in the decision.  There is no requirement that these reasons appear anywhere in particular in the decision.  Lewis, 236 F.3d at 513 (Marcia "simply requires an ALJ to discuss and evaluate evidence that supports his or her conclusions; it does not specify that the ALJ must do so under the heading 'Findings'");

Kruchek v. Barnhart, 125 F. App'x 825, 827 (9th Cir. 2005) (adequately analyzed evidence elsewhere in decision); Harris v. Astrue, 2009 WL 801347, at *7 (N.D. Cal. Mar. 25, 2007) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion that impairments did not equal Listing 1.04; Lewis does not require that support for the ALJ's conclusion be placed in a specific section of the report").

Regarding Plaintiff's ability to maintain concentration and attention, the ALJ addressed that issue in his step two severity determination. There was no need to address it again later in the decision when discussing Dr. Zadeh's opinion. The ALJ gave great weight to the opinions of consulting psychologist Dr. Kara Cross and State agency reviewing psychologists Dr. R. Paxton and Dr. Heather Barrons. (AR 24-25.) On January 31, 2014, Dr. Cross conducted a mental status examination and found Claimant's thoughts to be coherent and organized. (AR 24-25, 490-496.) She was alert and oriented with good insight and judgment. (AR 25.) She specifically assessed Plaintiff with no limitations in the ability to maintain concentration and attention. (AR 495.) Dr. Cross assessed no Axis 1 diagnosis. (AR 25, 494.) Although a mental status examination in May 2014 revealed poor concentration, later mental status examinations revealed unremarkable findings and the ability to maintain concentration. (AR 25.) Based on the entire record, the ALJ concluded that Claimant has only mild limitations in concentration, persistence and pace. (AR 24.) Dr. Cross and the two State agency psychologists found Claimant's mental impairments to be nonsevere, an assessment the ALJ adopted. (AR 25.) These opinions plainly contradict Dr. Zadeh's opinion regarding Plaintiff's ability to maintain concentration and attention. The contradicting opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Additionally, the medical records indicate that medications have been effective in controlling Claimant's symptoms that Dr. Zadeh indicated would interfere with her ability to maintain concentration and attention. (AR 27, 29.) Impairments that can be controlled effectively with medication are not disabling. Warre, 439 F.3d at 1006. The ALJ further found that Plaintiff maintained concentration and attention to perform simple calculations, pay bills,

manage her personal finances, drive short distances, read for leisure, surf the web, and practice yoga. (AR 25.) An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence that indicates her symptoms are not as severe as alleged. Bayliss, 427 F.3d at 1216.

Regarding Dr. Zadeh's opinion that Plaintiff would need to lie down and rest at unpredictable levels, the ALJ found that Plaintiff could perform light work. The ALJ acknowledged Plaintiff's back pain but also noted that imaging of her lumbar spine revealed only mild findings with no evidence of significant stenosis. (AR 27.) Imaging of Claimant's thoracic spine revealed no evidence of root impingement, severe stenosis, progressive neurological deficits, infections, or fractures. (AR 27.) There was no evidence of gait abnormalities and Claimant was not prescribed an assistive device for ambulation. (AR 27.) State agency physicians Dr. R. Jacobs and Dr. Stuart Larkin each opined Plaintiff retained the physical capacity to perform a range of light work. (AR 104-105, 116-118.) These findings and opinions contradict Dr. Zadeh's opinion that Plaintiff would need to lie down or rest at unpredictable intervals each work day.

The ALJ rejected Dr. Zadeh's opinions for specific, legitimate reasons supported by substantial evidence.

### b. Dr. Moeller-Bertram

Dr. Tobias Moeller-Bertram, a pain management physician, completed a Physical Residual Functional Capacity Questionnaire on April 4, 2016. (AR 30, 857-860.) He opined Plaintiff could perform less than sedentary work, lift less than 10 pounds frequently, sit for four hours but no more than 20 minutes at a time, stand for no more than 45 minutes at a time, and would miss more than four days of work per month. (AR 858-860.) As the ALJ noted, Dr. Moeller-Bertram's assessed limitations would preclude all work. (AR 30.)

The ALJ gave little weight to Dr. Moeller-Bertram's opinion because he did not provide any objective medical evidence to support such restrictive limitations. (AR 30.) The ALJ also found that Dr. Moeller-Bertram's opinion is not supported by the diagnostic and objective clinical findings in the record. (AR 30.) Additionally, the ALJ noted the medical file indicates

some improvement of her pain with treatment. (AR 30.) Thus, the ALJ regarded Dr. Moeller-Bertram's opinion as conclusory and consequently gave it no probative value and rejected it. (AR 30.) The ALJ need not accept the opinion of a doctor that is brief, conclusory, in the form of a checklist, inadequately supported by clinical findings, does not have supportive objective evidence, is contradicted by other evidence, is not supported by the record as a whole, or is unsupported by or inconsistent with his or her treatment notes.  Batson v. Commissioner, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004).

The ALJ reasonably found Dr. Moeller-Bertram's opinion conclusory as the RFC questionnaire is a two page check the box form without any accompanying objective medical evidence (AR 858-859). Id. The opinion, moreover, is contradicted by his own medical findings in the Questionnaire. He noted Plaintiff had "mildly decreased" range of motion with "moderate pain on extension/flexion post-laminectory in the thoracic spine." (AR 858.) These "mild" findings obviously would not establish disability and do not support his opinion that Plaintiff could not sit for more than 20 minutes at a time and for no more than 4 hours total, and stand or walk more than 4 hours total in a 8 hour workday. (AR 859.) Nor do they explain Dr. Moeller-Bertram's lifting, reaching, handling, and fingering limitations that would require Plaintiff to miss four days of work a month. (AR 859.) Nor would they explain why Plaintiff would experience pain severe enough to interfere with the attention and concentration needed to perform even simple tasks. (AR 858.)

Plaintiff identifies little support for Dr. Moeller-Bertram's RFC assessment in his treatment notes. (AR 765-855.) The two records cited by Plaintiff (AR 767-768) only repeat his finding of mildly decreased range of motion and moderate pain. Those same records indicate many normal findings. There is no mention of reaching, handling, and fingering problems. The records document that her current medication regimen is managing her pain without side effects. (AR 771.) An ALJ may reject a physician's opinion if it is unsupported by or inconsistent with his or her treatment notes. Batson, 359 F.3d at 1159 & n.3.

The ALJ also rejected Dr. Moeller-Bertram's opinion because it is "not supported by the diagnostic and objective clinical findings in the record." (AR 30.) This would include the mild

imaging evidence of Plaintiff's thoracic and lumbar spine, with no evidence of significant stenosis, nerve root impingement, infections or fractures. (AR 27.) The ALJ also found no evidence of gait abnormalities and Claimant has not been prescribed an assistive device for ambulation. (AR 27.) The ALJ found that medications have been relatively effective in controlling Plaintiff's symptoms. (AR 27.) An ALJ may reject a physician's opinion that is contradicted by other evidence and not supported by the record as a whole. Id.

Further, Dr. Moeller-Bertram's opinion conflicts with the opinions of other physicians of record, including the State agency reviewing physicians who assessed light work RFCs with no manipulative limitations. (AR 102-105, 114-117.) His opinion that Plaintiff's mental limitations were severe enough to interfere with attention and concentration to perform even simple tasks is contradicted by the opinions of Drs. Cross, Paxton, and Barrons who opined Plaintiff had mild, nonsevere mental impairments. (AR 24-25.) The conflicting opinions of other physicians provide specific legitimate reasons for rejecting a physician's opinion. Tonapetyan, 242 F.3d at 1149.

The ALJ also discounted Dr. Moeller-Bertram's opinion because Claimant had some improvement of her pain with treatment. (AR 30.) Office visit notes reflect that Claimant's pain improved with medication, injections, and acupuncture. (AR 27.) Impairments that can be controlled effectively with medication are not disabling. Warre, 439 F.3d at 1006.

The ALJ rejected the opinions of Dr. Moeller-Bertram for specific, legitimate reasons supported by substantial evidence.

**B.     The ALJ Properly Discounted
        Plaintiff's Subjective Symptom Allegations**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

    1.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341,

346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

      2.     Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 28, 27.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 28, 27.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were "too extreme in light of the objective medical findings." (AR 27-30.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005.) Here, diagnostic imaging of Plaintiff's lumbar spine revealed only mild findings with no evidence of significant stenosis. (AR 27.) Imaging of the thoracic spine

demonstrated no nerve root infringement, severe stenosis, infections, or fractures. (AR 27.) There was no evidence of gait abnormalities, and Claimant was not prescribed an assistive device for ambulation. (AR 27.) Dr. Anthony Weiss noted that Plaintiff's Crohn's disease was only of "moderate severity." (AR 540.) Two State agency physicians assessed Plaintiff with a light work RFC. (AR 102-105, 114-117.) Drs. Cross, Paxton, and Barrons opined Plaintiff had mild, nonsevere mental impairments. (AR 24-25.)

Second, the ALJ found that medications have been relatively effective in controlling Claimant's symptoms. (AR 27.) Claimant's pain improved with medications, injections, and acupuncture. (AR 27.) Plaintiff herself reported improvement in her diarrhea and abdominal pain with medication for her Crohn's disease. (AR 27.) Impairments that can be controlled with medication and treatment are not disabling. Warre, 439 F.3d at 1006.

Third, the ALJ determined that Plaintiff's daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, despite Plaintiff's subjective symptom allegations, Plaintiff lives alone, she prepares meals and performs chores, can leave the house, drive a car, shop for groceries, and manage her own finances. (AR 27.) The ALJ also found that Claimant had non-severe mental impairments that resulted in only mild limitation in activities of daily living. (AR 24-25.) Plaintiff contends that her daily activities do not prove she can work, but they do suggest she has greater functional abilities than alleged. See Valentine v. Commissioner, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disputes the ALJ's interpretation of the record regarding her subjective symptom allegations, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

* * *

1 | The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: March 5, 2019

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE